### In re DANZIG.

(Common Pleas of New York City and County, General Term.  May 11, 1888.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—MISCONDUCT OF ASSIGNEES—RIGHT TO FEES.
  An assignee who has been removed for misconduct in office, whatever may be the degree of misconduct, is not entitled to commissions.

Appeal from special term; ALLEN, Judge.

Appeal by Danzig, the assignee, from an order depriving him of his statutory commissions.

Richard S. Newcombe and Leopold Wallach, for appellant.

PER CURIAM.  The distinction between the authorities relied upon by the appellant and the case at bar is that, in the latter case, the assignee has been absolutely removed.  In the former cases the assignee was not removed, but was left to carry out the trust imposed, but was denied an allowance of commissions upon all transactions in abuse of the trust.  That seems to be the distinction.   Therefore the ruling in the Gomprecht Case, decided by this court, and affirmed by the court of appeals, (102 N. Y. 741,) is applicable.  There was an absolute removal, and we quote: "Misconduct in assignees cannot be graduated and qualified so that in case of removal we may give

commissions to one assignee and withhold them from another; and it may now be safely asserted to be the law in this state that an assignee who has been removed for misconduct in office, whatever may be the degree of misconduct, is not entitled to commissions." That is *res adjudicata*, and was so held in the matter of Wolf and of Hyman, and reaffirmed in the *Gomprecht Case*. If your position were correct, there would be no reason why two commissions should not be allowed in this case. .If Danzig was entitled to a *pro rata* share, the party who succeeded him would also be entitled to his commission, and this the courts are not disposed to allow. The simple fact is that he was removed from his position. This appeal is from a denial of the motion for an allowance, and we think that question has been decided in the court of last resort, in the *Gomprecht Case*. The order appealed from, therefore, is affirmed.